

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. S. M. Lister, Chairman
Texas Prison Board
Houston, Texas

Dear Sir:      Opinion No. O-4509
             Re: Authority of Texas
               Prison Board to grant
               a license for a pipe
               line over prison land.

     In your letter of April 4, 1942, you requested the opinion of this department relative to the authority of the Texas Prison Board to convey a right of way easement across prison land. We quote from your letter as follows:

    "I am enclosing you a letter from the Houston Pipe Line Company which is self-explanatory.

    "Matters of this kind have arisen several times recently, and I have taken the position that the Prison Board has no authority to grant a right-of-way over State property. I should be glad to have your office give me a ruling on this matter, as I should like to know whether or not I am correct."

     The letter from the Houston Pipe Line Company, dated April 2nd. and signed by H. M. Williams, states that the company desired to acquire a "right of way" across a portion of Imperial State Farm and asked that you inquire of this department whether the Texas Prison Board had authority to "grant" such a "right of way".

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

On the basis of the information contained in your letter and that of Mr. Williams, Mr. Glenn R. Lewis of this department wrote you on April 7th. that our Opinions Nos. O-2356 and O-3629 answered your inquiry. Copies of those opinions were enclosed.

On April 8th. Mr. Williams wrote directly to this department, explaining more fully the basis of your request. We quote from his letter as follows:

"On April 2, 1942 the Houston Pipe Line requested, by letter, to Dr. S. M. Lister an opinion in regard to right-of-way across the Prison Farm property in Texas. Dr. Lister informs us that he mailed this letter to the Attorney General's Office on April 4, 1942. We feel that the letter we wrote to Dr. Lister does not express what we actually would like an opinion on.

"The Houston Pipe Line Company does not expect the Prison Board to grant us any right, claim, title or interest in or upon any of the land owned by the State Farms. We are merely asking for a permit or license to cross Prison Farm property with a natural gas pipe line to not only serve the Prisons but the general public as well. A license or permit would subject our line to be moved or removed from Prison property upon request at the expense of the Pipe Line Company. We would also expect to pay for any and all damages which might arise by virtue of such construction."

Our opinions Nos. O-2356 and O3629 do not cover the question raised by Mr. Williams' letter of April 8th. On the basis of information before us, we state your question as follows:

Does the Texas Prison Board have the power and authority to grant a license for a pipe line over prison land to carry gas which will serve other consumers as well as the Prison System?

The Legislature of the State of Texas has placed the exclusive control and management of the Prison System

Dr. S. M. Lister - Page 3

in the Texas Prison Board. Article 6166g, Vernon's Revised Statutes, provides:

"The Texas Prison Board, together with the manager hereinafter provided for, shall be vested with the exclusive management and control of the Prison System, and all properties belonging thereto, subject only to the limitations of this Act, and shall be responsible for the management of the affairs of the Prison System and for the proper care, treatment, feeding, clothing and management of the prisoners confined therein."

Statutes which prescribe and limit the exercise of official duty are strictly construed in respect to the powers conferred and the manner of their exercise, and such powers are not to be enlarged by construction. Bryan v. Sundberg, 5 Tex. 418; 34 Tex. Jur. 443.

"It is equally well settled, however, that a law which confers a power or imposes a duty upon an officer or board carries with it by implication the authority to do such things as are reasonably necessary to carry into effect the power granted or the duty imposed." 34 Tex. Jur. 444 and cases cited.

It is manifest that the Prison Board has the duty and obligation of properly caring for the persons placed under its charge. Proper care, of course, includes provision for heating of prison buildings and for fuel to cook the food which the prisoners eat, as well as caring for other similar needs. For these purposes, gas or some similar type of fuel is practically indispensable.

Obviously, if gas is the fuel used, it must be piped into the State Farms and by pipe distributed to the various locations and buildings where it is to be utilized. These pipes must be laid upon or under ground composing prison system lands, and the necessary right of way must be supplied by either easements or licenses to the company furnishing the fuel.

456

Our Opinions Nos. O-2356 and O-3629 hold that the Prison Board cannot grant an easement across prison land to a private enterprise. The basis for this holding is that an easement is an interest in land and the Prison Board, under our statutes, has no power to convey State prison land.

A license, however, stands on a different footing. A license does not create an interest in land. It is simply a personal privilege, revocable at the will of the licensor, and is not subject to the vice inherent in the grant of an easement.

The distinction between an easement and a license has been clearly stated in Texas Jurisprudence, and we quote from that text as follows:

"A distinction between an easement and a license lies in the fact that the former always implies an interest in the land in or over which it is to be enjoyed, while the latter does not. Again, an easement is a permanent interest while a license is a personal privilege to do some act on the land without possessing any estate therein. The interest of an easement may be a freehold or a chattel one, according to its duration; whereas a license may, as a general proposition, be said to be revocable at will by the owner of the land in which it is enjoyed." 15 Tex. Jur. 775, and cases cited.

"A license affecting real property amounts to a mere privilege and imports no estate or interest in the property. This serves to distinguish a license from an easement." 27 Tex. Jur. 856.

Undoubtedly, the Prison Board, in the proper conduct of the Prison System, has in the past on many occasions found it necessary to grant licenses in order to carry out the duties imposed upon it. For example, any one making a delivery to one of the Prison Farms comes upon prison lands as a mere licensee, and any one who enters upon prison land except in the strict performance of some official duty is a licensee. Therefore, the authority and power of the Prison Board to grant a

457

license, where such license is reasonably necessary to the performance of duties imposed upon the Board, are hardly subject to question.

Of course, the Prison Board does not have the power or authority to grant licenses indiscriminately. This power, we believe, is restricted in the sense that it can be exercised only in the furtherance of some objective necessary to the proper performance of duties imposed upon the Board.

According to Mr. Williams' letter of April 2nd., one of the objectives of the proposed line is to safeguard the prison system against gas failure. We quote from his letter as follows:

"The proposed line is in such close proximity to the buildings that should an emergency arise the State Farm would not be out of gas for any length of time. Not only does the line act as a stabilizing unit but it definitely assures ample gas pressure so that the farm would at all times be protected from gas failure."

We are advised that in the event of gas failure the conduct of the prison system would be adversely affected since gas is used for heating, cooking, brick manufacture, canning and many other activities at the Central State Farm, the Imperial Farm, the Harlem Farm, and the Blue Ridge Farm.

As we have already pointed out, the State of Texas has placed upon the Texas Prison Board the burden and duty of properly operating and controlling the Prison System, and to this end has placed plenary power in the Board for "the exclusive management and control of the Prison System, and all properties belonging thereto." Maintenance of sufficient gas pressure is certainly within the scope of its duties and the Prison Board would be justified in pursuing reasonable means to accomplish that purpose.

If the Texas Prison Board in the exercise of its sound discretion determines that the proposed pipeline will be beneficial to the Prison System and that it is <u>reasonably necessary</u> to assure it against gas failure, the authority to grant the necessary license, revocable at the will of the Board, seems to us to be necessarily implied from the plenary power to manage and control the Prison System.

It is a settled principle that the courts will not interfere with, control or review the exercise of the discretion vested in public officers or boards except in a clear case of abuse of discretion, or of fraud, or where the officer or board has exceeded his or its powers or where there has been a manifest invasion of private rights. City of Wylie v. Stone (Civ. App.) 16 S. W. (2d) 862, affirmed (Comm. App.) 34 S. W. (2d) 842; 34 Tex. Jur. 498.

So long as the proposed line will be of benefit to the Prison System and is reasonably necessary to the proper conduct thereof, it matters not that other consumers in that vicinity will reap an incidental benefit.

It is, therefore, the opinion of this department, and you are so advised, that the Texas Prison Board has the power and authority to grant a license, revocable at the will of the Board, for a pipeline to carry gas across prison land even though the line will serve other consumers as well as the Prison System, where the line is reasonably necessary to the maintenance of gas pressure to the prison farms.

APPROVED APR 24, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

PM:BT

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Peter Maniscalco
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

